IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| RONALD BOUGHER,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. ________________<br><br>**STATE FARM FIRE AND CASUALTY COMPANY'S NOTICE OF REMOVAL** |

Defendant State Farm Fire and Casualty Company ("State Farm"), by and through its undersigned counsel, hereby gives notice of the removal of this action pursuant to 28 U.S.C. § 1441(a) and Local Rule 81. For its short and plain statement of the grounds for removal, State Farm states as follows:

A. In this action, complete diversity exists and the amount in controversy exceeds $75,000. Plaintiff is a citizen of Iowa. State Farm is a citizen of Illinois. Removal is in accordance with 28 U.S.C. § 1441(a), as this Court would have had diversity jurisdiction over this action under 28 U.S.C. § 1332(a), had plaintiff filed his Petition with this Court. In accordance with 28 U.S.C. § 1446(b), State Farm timely filed this Notice of Removal within 30 days of receipt of service of Plaintiff's Petition.

B. Pursuant to 28 U.S.C. § 1441(a) and Local Rule 81.a.1, State Farm is required to provide this Court with copies of all process, pleadings, and Orders filed in the State case. State Farm has reviewed the state court's electronic docket and determined that the following pleadings have been filed:

- Petition at Law (filed 8/18/14)
- Acceptance of Service (filed 10/16/14)

C. For its statement of facts pursuant to Local Rule 81(f), demonstrating the jurisdictional requirements for removal, State Farm states as follows:

**INTRODUCTION**

1. On August 18, 2014, Plaintiff commenced this action with the filing of his Petition in the Iowa District Court for Polk County, Iowa. Plaintiff sought compensatory and consequential damages, costs and attorney fees, alleging breach of insurance contract and bad faith.

2. State Farm was served on or about October 16, 2014. In accordance with 28 U.S.C. § 1448(b), State Farm timely filed this Notice of Removal within 30 days of its receipt of service.

3. Under 28 U.S.C. § 1441(a), an action "of which the district courts of the United States have original jurisdiction" may be removed to federal court if it timely petition for removal is filed. Thus, the state court action may be removed to federal court if the federal court would have had diversity jurisdiction over the action under 28 U.S.C. § 1332(a) as of the time of the initial pleading and when the removal notice is filed. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d. 809, 814 (8th Cir. 1969); *McKorkindale v. American Home Assurance Co.*, 909 F. Supp. 646, 650 (N.D. Iowa 1995). Plaintiff could have filed his Petition with this Court as complete diversity of citizenship existed and the amount in controversy exceeds $75,000.

**COMPLETE DIVERSITY EXISTS AS TO ALL PARTIES**

4. Plaintiff is a citizen of Iowa (Petition, ¶ 1). State Farm is an Illinois corporation with its principal place of business in Illinois. *See Kostelec v. State Farm Fire and Cas. Co.*, 64 F.3d. 1220, 1223 (8th Cir. 1995) (identifying State Farm as an Illinois company with its principal place of

business in Illinois). State Farm is a citizen of Illinois. 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of the state of its incorporation and in the state of its principal place of business). Complete diversity is present in this case where a citizen of Iowa has sued State Farm, a citizen of Illinois. *See* 28 U.S.C. § 1332(a)(1) (citizens of different states are diverse).

**THE ACTUAL AMOUNT IN CONTROVERSY EXCEEDS $75,000**

5. The amount in controversy, under 28 U.S.C. § 1332, requires the sum or value of the lawsuit to exceed $75,000 for the district court to have original jurisdiction. The amount in controversy is to be judged at the time of the removal by considering the claims of the named plaintiffs. *Kessler v. National Enterprises, Inc.*, 347 F.3d 1076, 1080 (8th Cir. 2003). The controlling issue is "not whether the damages are greater than the jurisdictional amount, but whether the fact finder might legally conclude they are." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). As set forth below, the true amount in controversy exceeds $75,000 when Plaintiff's damages are considered, including the demands for compensatory and consequential damages. Plaintiff's suit seeks monies pursuant to an insurance contract with State Farm, the limits of which exceed the amount in controversy requirement for removal.

6. In addition to compensatory damages other related amounts, such as consequential damages, count toward the jurisdictional minimum needed to satisfy the diversity jurisdiction. *Crawford v. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001).

7. State Farm reserves the right to amend and/or supplement this Notice of Removal.

WHEREFORE, the Defendant, State Farm Fire and Casualty Company, hereby removes the above captioned case from the Iowa District Court for Polk County, bearing Case Number LACL 130906 to the United States District Court for the Southern District of Iowa.

Respectfully submitted,

GREFE & SIDNEY, P.L.C.

By: /s/ *Guy R. Cook*
Guy R. Cook (AT0001623)

By: /s/ *Adam D. Zenor*
Adam D. Zenor (AT0009698)

500 East Court Avenue, Suite 200
P.O. Box 10434
Des Moines, IA 50306
Telephone: (515) 245-4300
Fax: (515) 245-4452
gcook@grefesidney.com
azenor@grefesidney.com
ATTORNEYS FOR DEFENDANT
STATE FARM FIRE AND CASUALTY
COMPANY

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys listed below on **November 3, 2014**, by CM/ECF.

Shane C. Michael
MICHAEL LAW FIRM
2501 Westown Parkway, Suite 1202
West Des Moines, IA 50266
ATTORNEY FOR PLAINTIFF

By */s/ Adam D. Zenor*